**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-CR-227-JED |
| v. | ) | |
| | ) | |
| TONY NEWMAN HILBURN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Court has for its consideration the Motion to Dismiss Count Two (Doc. 16), filed by defendant Tony Newman Hilburn.  The government filed a response (Doc. 17), and the Court heard oral arguments on the Motion at the Pretrial Conference held on January 9, 2014.

**I.      Background**

As to the moving defendant, Mr. Hilburn, Count Two of the Indictment charges that he knowingly possessed firearms in furtherance of the drug trafficking crime of possession of marijuana with intent to distribute.  (Doc. 2 at 2).  Mr. Hilburn argues that Count Two should be dismissed because the government cannot establish the requisite nexus between the firearms and the underlying drug trafficking offense.  The government responded that one weapon, a .40 caliber loaded pistol, was in immediate proximity to a large quantity of marijuana in the kitchen of Mr. Hilburn's residence and that such evidence establishes the requisite nexus between the firearm and the alleged drug trafficking offense to support the charge of possession of a firearm in furtherance of drug trafficking.

## II.      Applicable Standard

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).   In describing the standard, the Tenth Circuit has stated:

> For the most part, that question does not involve any examination of the evidence. In "limited circumstances," however, this Court has held that a district court may "dismiss charges at the pretrial stage . . . where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." Pretrial dismissal based on undisputed facts is a determination that "*as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt." Dismissal in this manner is the "rare exception," not the rule. Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.

*Id.* (internal citations omitted).

## III.      Discussion

Mr. Hilburn does not suggest that the Indictment itself does not assert elements which, if true, are sufficient to establish the offense charged in Count Two. In that Count, the Indictment alleges that, in violation of 18 U.S.C. § 924(c)(1)(A)(i), defendant "did knowingly possess" firearms (which are identified by make, caliber and serial number) "in furtherance of a drug trafficking crime . . . Possession of Marijuana With Intent to Distribute . . . as more fully set forth in Count One of this Indictment." (Doc. 2 at 2).   If true, these allegations are sufficient to establish a violation of § 924(c)(1)(A)(i), which provides in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

2

possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years. . . .

18 U.S.C. § 924(c)(1)(A)(i); *see also* 10th Cir. Criminal Panel Jury Instr., Instr. No. 2.45.1 (elements are that defendant committed a drug trafficking crime or crime of violence as charged in the indictment and that defendant possessed a firearm in furtherance of that crime).

Upon review of the parties' briefing and oral arguments, the Court is not persuaded that this case presents the "rare exception" which would authorize dismissal of a charge in the Indictment. *See Todd*, 446 F.3d at 1068.  While the operative facts do not appear to be disputed, the inferences to be taken from those facts are disputed and are an issue for the jury.  The government asserts that, upon execution of a search warrant at Mr. Hilburn's residence, task force agents found 30 pounds of marijuana in the kitchen, including several mason jars and sealed bags containing marijuana, and that those drugs were found in close proximity (some directly above in kitchen cabinets and others nearby elsewhere in the kitchen) to a chamber-loaded semi-automatic .40 caliber pistol lying on the kitchen counter.[1]

Mr. Hilburn argues that, under the factors identified by the Tenth Circuit in *United States v. Trotter*, 483 F.3d 694 (10th Cir. 2007), as applied in *United States. v. McGehee*, 672 F.3d 860, 871 (10th Cir. 2012), the Court should determine that there is an insufficient nexus between the firearm and the alleged drug trafficking offense to constitute a violation of § 924(c)(1)(A)(i).  In *McGehee*, the Tenth Circuit summarized the requirements for the government to submit a case to a jury for a violation of § 924(c)(1)(A) and the factors that may be considered in the evaluation:

---

[1]     Other weapons were located in the home, as identified in Count Two of the Indictment. At the hearing on the Motion, the government acknowledged that it is now relying only upon the chamber-loaded .40 caliber pistol, and not the other weapons listed in the Indictment, for the alleged violation of § 924(c)(1)(A)(i). Accordingly, the Court does not consider the other weapons in its analysis here.

"A conviction under [18 U.S.C.] § 924(c)(1)(A) requires more than just possession of a firearm; it also requires that such possession be 'in furtherance' of . . . a drug trafficking crime." *United States v. King,* 632 F.3d 646, 655 (10th Cir.2011). "We have previously held that 'possession in furtherance[ ] requires the government to show that the weapon furthered, promoted or advanced a drug trafficking crime.'" *United States v. Luke–Sanchez,* 483 F.3d 703, 706 (10th Cir.2007) (quoting *United States v. Robinson,* 435 F.3d 1244, 1251 (10th Cir.2006)). In that sense, "the government [must] establish some nexus between the firearms and the underlying drug trafficking crime." *Id.*

"The intent to possess the weapon to further [a] drug trafficking crime is generally proven through circumstantial evidence," *King,* 632 F.3d at 655 (quoting *United States v. Rogers,* 556 F.3d 1130, 1140 (10th Cir.2009)) (internal quotation marks omitted), and in that respect, "[w]e have identified a nonexclusive list of factors that are relevant when assessing whether the government has established the requisite nexus between the firearm and the drug-trafficking offense," *id.* These factors include: "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found." *United States v. Trotter,* 483 F.3d 694, 701 (10th Cir.2007) (quoting *United States v. Basham,* 268 F.3d 1199, 1208 (10th Cir.2001)) (internal quotation marks omitted), *judgment vacated on other grounds by* 552 U.S. 1090, 128 S.Ct. 864, 169 L.Ed.2d 713 (2008), *and* 552 U.S. 1091, 128 S.Ct. 870, 169 L.Ed.2d 713 (2008).

*McGehee*, 672 F.3d at 871-72.

The Court concludes that the government's asserted evidence, examined under the *Trotter* factors, establishes a sufficient nexus that a jury could find a violation of the statute. The government asserts that 30 pounds of marijuana were found in immediate proximity to a chamber-loaded pistol, which was lying on the kitchen counter. That proximity, alone, is sufficient to support the alleged nexus between the firearm and the drug-trafficking offense of possession of marijuana with intent to distribute. *See, e.g., McGehee*, 672 F.3d at 872-73. The chamber-loaded firearm is a large caliber semi-automatic. Although it was apparently legally possessed by Mr. Hilburn, it was in very close proximity to the large quantity of marijuana which the government alleges he intended to distribute. On these facts, the Court cannot find that

4

undisputed evidence shows that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt," and dismissal is therefore inappropriate. *See Todd*, 446 F.3d at 1068.

IT IS THEREFORE ORDERED that Mr. Hilburn's Motion to Dismiss Count Two (Doc. 16) is **denied**.

**IT IS SO ORDERED** this 13th day of January, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE